**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5542

EDWARD BERNARD WATLINGTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-90-204-G)

Submitted: December 14, 1995

Decided: January 9, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Benjamin H.
White, Jr., First Assistant United States Attorney, Lisa Blue Boggs,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edward Bernard Watlington appeals the revocation of his super-
vised release term and imposition by the district court of the maxi-
mum term of imprisonment for his conviction, on a guilty plea, of the
charge of possession of a firearm by a felon, in violation of 18
U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp. 1994). Watlington's
attorney has filed a brief in accordance with Anders v. California, 386
U.S. 738 (1967), asserting that the revocation of Watlington's super-
vised release term was an abuse of discretion, and that the sentence
imposed by the district judge was unduly harsh, but concluding that
there were no meritorious grounds for appeal. Watlington was noti-
fied of his right to file an additional brief, which he failed to do.

In accordance with the requirements of Anders , we have examined
the entire record and find no meritorious issues for appeal. We find
that the district court was well within its discretion to revoke Watling-
ton's term of supervised release based on his stipulated violations of
the conditions of such release, including several instances of posses-
sion of a controlled substance. See 18 U.S.C.A. § 3583(e)(3) (West
Supp. 1995); United States v. Copley, 978 F.2d 829, 831 (4th Cir.
1992). Moreover, the court's revocation decision was not unduly
harsh given the absence of persuasive evidence that Watlington would
not continue to violate the conditions of his release. Finally, we find
that Watlington's original sentence was properly calculated within the
applicable guideline range. As such, the district judge's imposition of
a sentence within that range does not state an appealable question
under 18 U.S.C.A. § 3742 (West 1985 & Supp. 1995). See United
States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

This court requires that counsel inform his client, in writing, of his
right to petition the Supreme Court of the United States for further
review. If the client requests that a petition be filed, but counsel

believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3